United States District Court
Middle District of Florida
Jacksonville Division

**TAMMY JACKSON,**

    **Plaintiff,**

v.                                                                                                                                                                                           NO. 3:22-cv-827-TJC-LLL

**STATE OF FLORIDA,**

    **Defendant.**

_____

### Report and Recommendation

Before the Court is Plaintiff Tammy Jackson's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis. For the reasons that follow, I respectfully recommend the motion be denied and the case dismissed without prejudice.

A district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" if a litigant shows indigency by affidavit. 28 U.S.C. § 1915(a)(1). A plaintiff "need not show [he] is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, it is enough that the affidavit "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide

necessities for himself and his dependents." *Id.* (citing *Adkins*, 335 U.S. at 339). A court has "wide discretion" when denying an application to proceed in forma pauperis under § 1915. *Id.* at 1306 (citation omitted).

When a motion to proceed in forma pauperis is filed, a court must review the case under 28 U.S.C. § 1915(e)(2) and dismiss the case if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). And, if, at any time a court determines it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

## Analysis

On March 21, 2022, plaintiff filed three related cases in the Jacksonville Division and moved to proceed in forma pauperis in each of them. *Tammy Jackson v. Dep't of Child. and Fams.*, No. 3:22-cv-321-BJD-JBT ("*Jackson I*"), docs. 1, 2; *Tammy Jackson v. State of Fla.*, No. 3:22-cv-322-BJD-JBT ("*Jackson II*"), docs. 1, 2; *Tammy Jackson v. JFRD*, No. 3:22-cv-323-BJD-JBT ("*Jackson III*"), docs. 1, 2.[1] Each of those cases were assigned to United States Magistrate Judge Joel B. Toomey and United States District Judge Brian J. Davis. Like this case, the defendant in *Jackson II* was the

---

[1] Plaintiff also sued the state of Florida in October 2021, *See Tammy Jackson v. State of Fla.*, No. 3:21-cv-1024-HES-JBT; however, that case was voluntarily dismissed. *Id.* at doc. 5.

2

State of Florida. *Jackson II,* docs. 1, 4 at 3–4. All three cases appear to arise out of an incident that occurred on February 13, 2021.

A review of the Duval County Clerk of Court's docket, https://core.duvalclerk.com, reveals that plaintiff was arrested on February 13, 2021, after allegedly trying to abandon her four children at a Jacksonville Fire and Rescue Department (JFRD) station. *See State of Fla. v. Tammy Levelen Jackson*, No. 16-2021-MM-1839-AXXX-MA, doc. 1 (Fla. Duval Cnty. Ct. Feb. 14, 2021). After a trial, she was found guilty of Fla Stat. § 843.02, Resisting Officer without Violence to His or Her Person, *id.* at doc. 115.

After review, plaintiff's motions to proceed in forma pauperis in *Jackson I, Jackson II*, and *Jackson III* were taken under advisement, and the legal infirmities in plaintiff's pleadings were outlined. *Jackson I*, doc. 3; *Jackson II*, doc. 4; and *Jackson III*, doc. 3. In each order, the Court directed plaintiff to file an amended complaint; the Court warned that if she failed to do so it would enter a recommendation to the presiding judge that her cases be dismissed. *Id.*

Plaintiff did not file an amended complaint as instructed, *id.*; on June 15, 2022, Judge Toomey entered a report and recommendation that her cases be dismissed without prejudice for several reasons, including failure to state a claim on which relief can be granted and lack of subject matter jurisdiction. *See Jackson I,* doc. 5; *Jackson II,* doc. 9; and *Jackson* III, doc. 7. Judge Toomey explained that even when liberally construed, the complaints in *Jackson I*, *Jackson II*, and *Jackson III* were conclusory and

3

"amount[ed] to nothing more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* at 5-6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, in addressing *Jackson II*, Judge Toomey explained that plaintiff "appeared to be seeking review in this Court of state court decisions . . . . likely barred by the *Rooker-Feldman* doctrine." *Id.* at 6-7 (additional citations omitted). He further notified plaintiff that she had the right file objections to the proposed findings and recommendations within 14 days after being served. *Id.* at 8.

Plaintiff did not file objections relevant to the pleading deficiencies[2] outlined in the report and recommendation. *See Jackson I, Jackson II,* and *Jackson III.* On July 1, 2022, United States District Judge Brian J. Davis adopted Judge Toomey's report and recommendation and dismissed the cases without prejudice.[3] *Jackson I,* doc. 10; *Jackson II*, doc. 13, and *Jackson III*, doc. 11. Plaintiff did not take an appeal of Judge Davis' ruling.

Instead, on August 3, 2022, plaintiff filed a new complaint in the above-captioned case, alleging that "on February 13, 2021, [she] was followed, attacked[,] and illegally arrested in the presence of [her] children. No crime was committed. No

---

[2] After Judge Toomey entered a report and recommendation on *Jackson I*, *Jackson II*, and *Jackson III*, plaintiff filed motions for recusal, to appoint counsel, and an objection to Judge Toomey's order denying plaintiff's motions for recusal. *Jackson I,* docs. 6, 8, 9; *Jackson II,* docs. 10, 12, and *Jackson III*, docs. 8, 10. Although Judge Davis did not consider these documents "a specific objection" to Judge Toomey's report, *see, e.g.*, *Jackson III*, doc. 11 n.1, he nevertheless considered her "objections" and overruled them. *Id.* at 4-5.

[3] "A dismissal without prejudice does not constitute a 'final judgment on the merits' and thus has no res judicata effect." *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (citing *Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir.2003)).

4

one was abused neglected or in danger." Doc. 1. She also argued that "[t]here was no reason for excessive force nor [*sic*] deprived of my right to be free. It was reckless and caused damage." *Id.*

Plaintiff's factual allegations in this case are nearly identical to those found insufficient by Judges Toomey and Davis in *Jackson II*. *See Jackson II,* docs, 1, 4, 9, 13.[4] Additionally, as explained to plaintiff in a prior order, *see Jackson II*, doc. 4, her claims against the State of Florida appear to be barred by the Eleventh Amendment to the United States Constitution. *See also Armstrong v. Fla. Dep't of Health*, No. 8:22-cv-1024-KKM-CPT, 2022 WL 4229361, at *4 (M.D. Fla. July 12, 2022), *report and recommendation adopted by* 2022 WL 3026029 (M.D. Fla. Aug. 1, 2022) (collecting cases explaining the Eleventh Amendment and its exceptions). Plaintiff has not tried to remedy or address the prior deficiencies the Court identified in her complaint in this matter; instead, she has supplied even less factual allegations supporting her claim. *See* doc. 1. Therefore, for the reasons articulated here and for those reasons outlined by Judges Toomey and Davis in docs. 9 and 13 in *Jackson II*, I respectfully recommend this case be dismissed without prejudice.

---

[4] *See Jackson II*, doc. 4 (internal citations omitted) ("[p]laintiff allege[d] the state court case against her was prosecuted in error because 'no crime [was] committed' and 'no one was abused, neglected or in danger.' She also alleges that she was treated inhumanely 'for trying to get help for [her] children,' and 'there was no reason to bring [her] children back to [her], and attack and arrest [her] in the presence of [her] children.' Finally, she alleged her Fourth Amendment rights were violated when she was subjected to "excessive use of force," and 'wrongfully arrested and put in jail for ten days.'").

5

## Recommendation[5]

I respectfully **recommend**:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied**;

2. The case be dismissed **without prejudice**; and

3. The clerk be directed to **terminate any pending motions** and **close the file**.

**Entered** in Jacksonville, Florida on November 15, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Honorable Timothy J. Corrigan, United States District Judge
Tammy Jackson, pro se plaintiff
    22 W. 43rd Street
    Jacksonville, Florida 32209

---

[5] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order, Doc. No. 3, No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.